BERNICE WOOLEY, Petitioner-Appellant, *v.* THE DEPARTMENT OF PUBLIC AID *et al.*, Respondents-Appellees.

First District (4th Division)   No. 77-1128

Opinion filed July 27, 1978.

Frank S. Bloch, of Mandel Legal Aid Clinic, of Chicago, for appellant.

William J. Scott, Attorney General, of Chicago (Ellen P. Brewin, Assistant Attorney General, of counsel), for appellees.

Mr. JUSTICE DIERINGER delivered the opinion of the court·

This is an appeal from a judgment of the circuit court of Cook County which affirmed a final administrative decision of the Illinois Department of Public Aid (hereinafter called "the Department"). The decision of the

Department affirmed a prior determination of the Cook County Department of Public Aid in reducing Bernice Wooley's general assistance grant.

The sole issue presented for review is whether the shelter standard applied by the Department was promulgated pursuant to legislative authority.

Bernice Wooley had been receiving public assistance under the General Assistance Program of the Department, and lived on East 70th Street in Chicago, with her daughter and granddaughter, with whom she had been living since 1974. While living with her daughter and granddaughter, Mrs. Wooley shared rental costs with them.

On September 3, 1975, Mrs. Wooley received notice from the Department that her General Assistance benefits were being reduced due to the fact Mrs. Wooley was sharing her apartment with two other people. Her benefits were to be reduced from her then $171.58 per month to $86 per month. At the time of the notice of reduction, her rent was $145 per month, for which she was receiving the maximum shelter allowance of $97. The bulk of the reduction was attributable to a cut in Mrs. Wooley's housing shelter allowance, from $97 to one-third of that figure, or $32.33. This was the only aspect of the reduction at issue in the administrative hearing. Mrs. Wooley's actual rental costs were one-third of her $145 per month rent, or $48.33.

Mrs. Wooley filed a notice of appeal with the Department on September 30, 1975, and a hearing was held in the matter on October 22, 1975. At this hearing Mrs. Wooley did not object to her allowance for rent and utilities being reduced. She objected only to the extent of the reduction and to the method of computing it. It was her argument that she was entitled to one-third of the actual rent, since that figure was below the maximum shelter allowance. The Department argued its initial determination was correct and Mrs. Wooley was entitled only to one-third of the maximum shelter allowance.

On December 1, 1975, Mrs. Wooley received notice the Department had affirmed the decision of the County Department of Public Aid in reducing her General Assistance benefits.

Mrs. Wooley than instituted this action for judicial review of the Department's decision. The circuit court denied her request for relief, from which decision this appeal has been taken.

The statutory provision of the Public Aid Code which controls the shelter maximum standard provides, in pertinent part, as follows:

> "In establishing a standard for shelter, the Department shall take in account in each community the prevailing rates or costs for housing of low income persons and the factors which influence the level of such rates or charges. However, the shelter standard for

any case, exclusive of household furnishings and utilities, shall not exceed $97 per month * * *." Ill. Rev. Stat. 1975, ch. 23, par. 12—4.11.

The regulation which the Department has promulgated pursuant to the above statutory guidelines, provides as follows:

"When a client shares a dwelling, the amount budgeted as rent is to be determined on an equal share basis among the members of the household. The shelter maximum applies to the dwelling unit; not to the shares of the individual household members." Illinois Department of Public Aid General Assistance Manual, Topic PO—620.2a.2.

The petitioner claims this regulation is inconsistent with the statute as it results in housing shelter allowance which differs from that contemplated by the statute. The petitioner does not argue the Public Aid regulation is arbitrary and capricious, but instead only argues the regulation is not within the agency's statutory authority.

The legislature delegated to the Department the authority to set up the shelter standard for General Assistance recipients. The legislature did, of course, enumerate standards to guide the exercise of such discretion, such as the taking into account the prevailing rate for low income housing. In addition, the statute sets forth an absolute maximum payment of $97 per month for any "case" above which the Department cannot ordinarily make grants. That provision, however, does not prohibit the Department from instituting its own standard, as long as the Department has taken into account the various factors which influence low income housing rates. It is clear, therefore, the Department's regulation of shelter allowance is authorized by the legislative directive.

For the foregoing reasons the judgment of the circuit court of Cook County is hereby affirmed.

Affirmed.

LINN and ROMITI, JJ., concur.